McKinney, J.,
delivered the opinion of the Court,
This case is brought here, for the third time, upon a question not before presented for our consideration. *426 The point now is, another supposed chasm in the plaintiff’s chain of title. The facts upon which the objection rests, are these :
James Hart, of North Carolina, being the owner of the tract of land in controversy, on the 31st day of March, 1830, bargained and sold said tract, with several other tracts, situated in the western district of Tennessee, to John Ray and John Jenkins, and executed a bond -for title, binding himself to- convey said lands to them when the purchase money should be paid ; the same being payable in' four annual instalments, for which their bills-single were executed to him.
Afterwards', on the 15th of December, 1830, said James Hart made a conveyance to Andrew Hart, by which he assigned to the latter, in trust for the benefit of creditors, all his bonds, bills, notes, and other evidences of debt, including the notes of Ray and Jenkins, given for said lands; also, all his personal property; also, eight tracts of land in Carteret county, North Carolina: And in said deed, James Hart likewise conveyed to said trustee, all hi3 right, title, and interest in and to said lands previously bargained and sold to Ray and Jenkins; and reciting particularly in said trust deed his previous sale of said lands to Ray and Jenkins, and his obligation to make title to them on payment of the purchase money due on the before mentioned notes assigned to said trustee.
In the deed of trust it is provided, that if the bonds, notes, and other evidences of debt therein specified and assigned, were not collected within a reasonable time, the trustee should dispose of them to the highest bidder, at public auction.
*427 •- The deed likewise provides for the sale of the real and personal property therein conveyed, and directs that the sale shall he at the court-house of Carteret county, and that notice thereof, for the space of twenty days, shall be given by public advertisement at three or more places in said county.
Afterwards, on the 18th of July, 1831, the trustee sold said notes of Ray and Jenkins to one Thomas Marshall, at public auction: And, on the same day, the trustee executed to him a deed of conveyance, in fee, for said lands bargained and sold by James Hárt to Ray and Jenkins. And on the 20th of September, 1831,.. Thomas Marshall conveyed said lands in fee to said Ray and Jenkins. In both of said last mentioned conveyances, the covenant to convey, on payment of the -purchase money, executed by James Hart to Ray and Jenkins, is specially recited.
In this way, Ray and Jenkins, having paid the purchase money, acquired the legal title to the lands covenanted to be conveyed- to them by James Hart, as before stated.
And the question to be determined is, whether or not the title thus acquired by them is a valid one. Its validity is denied by the counsel of the defendant, on the ground that the trustee did not pursue the power conferred upon him by the deed of trust. The specific objections are, first, that the trustee conveyed the lands to Marshall tvithout a sale at public auction; and, secondly, that it does not appear that twenty days’ notice of the sale of the notes of Ray and Jenkins was given by the trustee.
The first objection is founded upon a misconstruction *428 of the deed. It is manifest, from the whole instrument-, that the lands previously bargained and sold by James Hart to Ray and Jenkins, were not intended to b.e sold by the trastee. No such thing was contemplated* .It is obvious that the object of James Hart, in conveying the legal title to said lands do the trustee, was nierely to enable him, on collecting the notes from Ray and Jenkins, to transfer to them the title, in pursuance of the bond for title before mentioned; or, if they failed to pay in reasonable time, and a sale of the notes at-public auction should become necessary, that the trustee might bo in a condition to transfer the legal title to the purchaser as a security to him for the payment of Said notes. The instrument admits of no other reasonable of sensible construction.
As regards the second objection, it would not be going too far to say, perhaps, that as more than twenty years elapsed from the time of the sale of the notes before the institution of the present action, it might properly have been left to the jury to presume that the twenty days’ notice had been given by the trustee. But, for the sake of the argument, let this presumption be rejected, and let it be admitted that the notice was not given; still, we are of opinion, that the defendant, who i$ a stranger to the title derived from James Hart, and a trespasser upon the premises, cannot be heard to set up this objection to the validity of the title acquired by Ray and Jenkins, if, indeed, it be an objection at alL
We do not intend, by any means, to question the correctness of the general principle, that where a specific mode of executing a power, is prescribed, that must be pursued. Nor do we stop to inquire whether or not the *429 title in question might be successfully assailed, by a party in interest, on the ground of the supposed omission of the trustee to give notice. It is sufficient for the present determination, to say, that the defendant does not occupy such a relation to the transaction as entiltes him to raise any such question,
Ray and Jenkins acquired precisely the title they h.ad contracted for with James Hart, and they 'ao^ quired it, substantially, in the mode stipulated in the covenant for title. True, James Hart did not, in proper person, execute' the conveyance to them; but it was made with his consent and by his authority, through the medium of others, in a mode approved by him; %nd in reason, as well as in law, 'this was equivalent, to every intent and purpose, to an execution of the ,cup>r tract ’by himself.
From this view it results that the judgment ip ,eiTm neous. It will he reversed, and the case will be re* manded for a new trial, on th.fi merits.